UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA
FLORENCE DIVISION

| | | |
|---|---|---|
| VANESSA VICTORIA GIBSON, | ) | Civil Action No.: 4:17-cv-02158-TER |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| | ) | |
| -vs- | ) | |
| | ) | **ORDER** |
| NANCY A. BERRYHILL, | ) | |
| Acting Commissioner of Social Security; | ) | |
| | ) | |
| Defendant. | ) | |
| _____ | ) | |

This is an action brought pursuant to Section 205(g) of the Social Security Act, as amended, 42 U.S.C. Section 405(g), to obtain judicial review of a "final decision" of the Commissioner of Social Security, denying Plaintiff's claim for disability insurance benefits (DIB) and supplemental security income (SSI). The only issues before the Court are whether the findings of fact are supported by substantial evidence and whether proper legal standards have been applied. This action is proceeding before the undersigned by voluntary consent pursuant to 28 U.S.C. § 636(c) and Fed. R. Civ. Proc. R. 73.

## I. RELEVANT BACKGROUND

### A.    Procedural History

Plaintiff filed an application for DIB and SSI on October 24, 2012, alleging inability to work since March 1, 2012. (Tr. 13). Her claims were denied initially and upon reconsideration. Thereafter, Plaintiff filed a request for a hearing. A hearing was held on August 30, 2016, at which time, a vocational expert (VE) and Plaintiff, proceeding without representation, testified. The Administrative Law Judge (ALJ) issued an unfavorable decision on September 30, 2016, finding that

Plaintiff was not disabled within the meaning of the Act. (Tr. 13-18). Plaintiff filed a request for review of the ALJ's decision, which the Appeals Council denied on July 5, 2017, making the ALJ's decision the Commissioner's final decision. Plaintiff filed this action on August 14, 2017. (ECF No. 1).

**B.      Plaintiff's Background and Medical History**

Plaintiff was born on August 26, 1979, and was thirty-four years old at the time of the alleged onset. (Tr. 57). Plaintiff alleges disability originally due to car accident injuries, lower back pain, neck pain, pain in both arms, and shoulder pain. (Tr. 57).

**C.      The ALJ's Decision**

In the decision of September 30, 2016, the ALJ made the following findings of fact and conclusions of law (Tr. 13-18):

1.      The claimant meets the insured status requirements of the Social Security Act through December 31, 2013.

2.      The claimant has not engaged in substantial gainful activity since March 1, 2012, the alleged onset date (20 CPR 404.1571 *et seq.*, and 416.971 *et seq.*).

3.      The claimant has the following medically determinable impairments: obesity, neck pain, back pain, shoulder pain, and arm pain (20 CPR 404.1521 *et seq.* and 416.921 *et seq.*).

4.      The claimant does not have an impairment or combination of impairments that has significantly limited (or is expected to significantly limit) the ability to perform basic work-related activities for 12 consecutive months; therefore, the claimant does not have a severe impairment or combination of impairments (20 CFR 404.1521 *et seq.* and 416.921 *et seq.*).

5.      The claimant has not been under a disability, as defined in the Social Security Act, from March 1, 2012, through the date of this decision (20 CFR 404.1520(c) and 416.920(c)).

## II. DISCUSSION

Plaintiff's *pro se* filings do not specifically address issues on which the ALJ based his denial of benefits. Plaintiff argues generally that her alleged serious injuries cause her to be unable to sweep, twist, or stand for long periods of time. Plaintiff alleges the pain makes it difficult to lift, turn, mop, or keep the yard clean. Plaintiff alleges she cannot get in and out of the shower and is nervous/paranoid to drive. (ECF No. 28). In Plaintiff's Response (ECF No. 33), Plaintiff alleges the ALJ failed to take into account "my evidence" and that pain had a major impact on her ability to work.

Plaintiff also argues there was no mention of mental findings. However, Plaintiff made no mental allegations in her application or during her testimony. (Tr. 24-42).

Moreover, Plaintiff has made some letter filings after the briefing schedule ceased.[1] Of note, the ALJ decided Plaintiff's case through September 30, 2016. Plaintiff asserts she was in another car accident in March 2018 and MRIs show damage to a herniated disc and she is going to physical therapy. She argues this explains why she should qualify for disability. Remanding a case based on new evidence submitted to the court requires four elements to be: "(1) the evidence must be relevant to the determination of disability at the time the application(s) was first filed; (2) the evidence must be material to the extent that the Commissioner's decision might reasonably have been different had

---

[1] It is not the court's job to sift through filings which are not in compliance with briefing requirements of prior orders and Local Civil Rule 83.VII.04 (D.S.C.) . Nonetheless, the court has been through the filings made by Plaintiff and has liberally construed the arguments and information presented. *See Estelle v. Gamble*, 429 U.S.97, 106 (1976); *Haines v. Kerner*, 404 U.S. 519, 520 (1972) (per curiam); *Loe v. Armistead*, 582 F.2d 1291, 1295 (4th Cir. 1978); *Gordon v. Leeke*, 574 F.2d 1147, 1151 (4th Cir. 1978); *Barnett v. Hargett*, 174 F.3d 1128, 1133 (10th Cir. 1999). A court may not construct the plaintiff's legal arguments for him. *Small v. Endicott*, 998 F.2d 411, 417-18 (7th Cir. 1993). Nor should a court "conjure up questions never squarely presented." *Beaudett v. City of Hampton*, 775 F.2d 1274, 1278 (4th Cir. 1985).

the new evidence been before her; (3) there must be good cause for the claimant's failure to submit the evidence when the claim was before the Commissioner; and (4) the claimant must make at least a general showing of the nature of the new evidence to the reviewing court." *Miller v. Barnhart*, 64 Fed. Appx. 858, 859–60 (4th Cir. 2003)(*citing Borders v. Heckler*, 777 F.2d 954, 955 (4th Cir.1985) and 42 U.S.C. § 405(g) (2000)). Plaintiff's accident and resulting injuries in March 2018 are not relevant to the impairments regarding the determination of disability at the time the applications were first filed. Moreover, the evidence was not in existence during the time period for which the ALJ decided Plaintiff's claim through. This argument is without merit.

Defendant argues the ALJ's decision is supported by substantial evidence.

A.    **LEGAL FRAMEWORK**

1.    **The Commissioner's Determination–of–Disability Process**

The Act provides that disability benefits shall be available to those persons insured for benefits, who are not of retirement age, who properly apply, and who are under a "disability."  42 U.S.C. § 423(a).  Section 423(d)(1)(A) defines disability as: the inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for at least 12 consecutive months.  42 U.S.C. § 423(d)(1)(A).

To facilitate a uniform and efficient processing of disability claims, regulations promulgated under the Act have reduced the statutory definition of disability to a series of five sequential questions.  *See, e.g., Heckler v. Campbell*, 461 U.S. 458, 460 (1983) (discussing considerations and noting the "need for efficiency" in considering disability claims).  An examiner must consider the following: (1) whether the claimant is engaged in substantial gainful activity ("SGA"); (2) whether

he has a severe impairment; (3) whether that impairment meets or equals an impairment included in the Listings;[2] (4) whether such impairment prevents claimant from performing PRW;[3] and (5) whether the impairment prevents him from doing SGA. *See* 20 C.F.R. § 404.1520. These considerations are sometimes referred to as the "five steps" of the Commissioner's disability analysis. If a decision regarding disability may be made at any step, no further inquiry is necessary. 20 C.F.R. § 404.1520(a)(4) (providing that if Commissioner can find claimant disabled or not disabled at a step, Commissioner makes determination and does not go on to the next step).

A claimant is not disabled within the meaning of the Act if he can return to PRW as it is customarily performed in the economy or as the claimant actually performed the work. See 20 C.F.R. Subpart P, § 404.1520(a), (b); Social Security Ruling ("SSR") 82–62 (1982). The claimant bears the burden of establishing his inability to work within the meaning of the Act. 42 U.S.C. § 423(d)(5).

Once an individual has made a prima facie showing of disability by establishing the inability

---

[2] The Commissioner's regulations include an extensive list of impairments ("the Listings" or "Listed impairments") the Agency considers disabling without the need to assess whether there are any jobs a claimant could do. The Agency considers the Listed impairments, found at 20 C.F.R. part 404, subpart P, Appendix 1, severe enough to prevent all gainful activity. 20 C.F.R. § 404.1525. If the medical evidence shows a claimant meets or equals all criteria of any of the Listed impairments for at least one year, he will be found disabled without further assessment. 20 C.F.R. § 404.1520(a)(4)(iii). To meet or equal one of these Listings, the claimant must establish that his impairments match several specific criteria or be "at least equal in severity and duration to [those] criteria." 20 C.F.R. § 404.1526; *Sullivan v. Zebley*, 493 U.S. 521, 530 (1990); *see Bowen v. Yuckert*, 482 U.S. 137, 146 (1987) (noting the burden is on claimant to establish his impairment is disabling at Step 3).

[3] In the event the examiner does not find a claimant disabled at the third step and does not have sufficient information about the claimant's past relevant work to make a finding at the fourth step, he may proceed to the fifth step of the sequential evaluation process pursuant to 20 C.F.R. § 404.1520(h).

to return to PRW, the burden shifts to the Commissioner to come forward with evidence that claimant can perform alternative work and that such work exists in the regional economy. To satisfy that burden, the Commissioner may obtain testimony from a VE demonstrating the existence of jobs available in the national economy that claimant can perform despite the existence of impairments that prevent the return to PRW. *Walls v. Barnhart*, 296 F.3d 287, 290 (4th Cir. 2002). If the Commissioner satisfies that burden, the claimant must then establish that he is unable to perform other work. *Hall v. Harris*, 658 F.2d 260, 264-65 (4th Cir. 1981); *see generally Bowen v. Yuckert*, 482 U.S. 137, 146 n.5 (1987) (regarding burdens of proof).

## 2. The Court's Standard of Review

The Act permits a claimant to obtain judicial review of "any final decision of the Commissioner [ ] made after a hearing to which he was a party." 42 U.S.C. § 405(g). The scope of that federal court review is narrowly-tailored to determine whether the findings of the Commissioner are supported by substantial evidence and whether the Commissioner applied the proper legal standard in evaluating the claimant's case. *See id.*; *Richardson v. Perales*, 402 U.S. 389, 390 (1971); *Walls*, 296 F.3d at 290 (*citing Hays v. Sullivan*, 907 F.2d 1453, 1456 (4th Cir. 1990)).

The court's function is not to "try these cases *de novo* or resolve mere conflicts in the evidence." *Vitek v. Finch*, 438 F.2d 1157, 1157-58 (4th Cir. 1971); *see Pyles v. Bowen*, 849 F.2d 846, 848 (4th Cir.1988) (*citing Smith v. Schweiker*, 795 F.2d 343, 345 (4th Cir. 1986)). Rather, the court must uphold the Commissioner's decision if it is supported by substantial evidence. "Substantial evidence" is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Richardson*, 402 U.S. at 390, 401; *Johnson v. Barnhart*, 434 F.3d 650, 653 (4th Cir. 2005). Thus, the court must carefully scrutinize the entire record to assure there is a sound

foundation for the Commissioner's findings and that her conclusion is rational. *See Vitek*, 438 F.2d at 1157-58; *see also Thomas v. Celebrezze*, 331 F.2d 541, 543 (4th Cir. 1964). If there is substantial evidence to support the decision of the Commissioner, that decision must be affirmed "even should the court disagree with such decision." *Blalock v. Richardson*, 483 F.2d 773, 775 (4th Cir. 1972).

## B.    ANALYSIS

### Substantial Evidence

Because Plaintiff failed to take issue with or make specific argument regarding the basis for the ALJ's denial of benefits, the court generally reviews whether the ALJ's findings were supported by substantial evidence.

Here, the inquiry ended at the second step of the five step process when the ALJ found that Plaintiff did not have impairments or a combination of impairments that were severe. (Tr. 15-18). The ALJ found impairments of obesity, neck pain, back pain, shoulder pain, and arm pain were not severe and did not significantly limit Plaintiff's ability to perform basic work-related activities for 12 consecutive months. (Tr. 15-16). "An impairment or combination of impairments is not severe if it does not significantly limit your physical or mental ability to do basic work activities." 20 C.F.R. § 404.1521. In making such determination, the ALJ considered Plaintiff's allegations and testimony. (Tr. 16-17). The ALJ found Plaintiff's statements, concerning the intensity, persistence, and limiting effects of symptoms, were not entirely consistent with the medical evidence. Then, the ALJ discussed such record evidence.

The ALJ considered negative x-rays from March 2012 (Tr. 17, 332). The ALJ noted June 2012 treatment records that Plaintiff's wrist, neck, and shoulder were doing better. The ALJ noted the statements that "all of the injuries were resolved" and Plaintiff was not experiencing pain. (Tr.

17, 327).  The ALJ summarized the consultative examination in April 2014, where Plaintiff's entire examination was normal.  Plaintiff could perform all walks, had normal strength and range of motion, and had no gait disturbance. (Tr. 17, 407-10).  Dr. Motycka, a consultative examiner, opined Plaintiff could do whatever she had done in the past.  (Tr. 17, 407-10).  The ALJ concluded that the medical record, as a whole, was void of any ongoing treatment, limitations, or complications for the alleged disabling impairments and that the evidence did not show that the impairments imposed any significant limitations on Plaintiff's ability to function.  (Tr. 17-18).

## III.  CONCLUSION

This Court is charged with reviewing the case only to determine whether the findings of the Commissioner were based on substantial evidence.  *Richardson*, 402 U.S. at 390.  Even where the Plaintiff can produce conflicting evidence which might have resulted in a contrary decision, the Commissioner's findings must be affirmed if substantial evidence supported the decision.  *Blalock*, 483 F.2d at 775.  The Commissioner is charged with resolving conflicts in the evidence, and this Court cannot reverse that decision merely because the evidence would permit a different conclusion. *Shively v. Heckler*, 739 F.2d 987, 989 (4th Cir. 1984).  As previously discussed, despite the Plaintiff's claims, she has failed to show that the Commissioner's decision was not based on substantial evidence.  Based upon the foregoing, and pursuant to the power of the Court to enter a judgment affirming, modifying, or reversing the Commissioner's decision with remand in social security actions under sentence four of Sections 205(g) and 1631(c)(3) of the Social Security Act, 42 U.S.C. Sections 405(g) and 1338(c)(3), the Commissioner's decision is AFFIRMED.

|  | s/Thomas E. Rogers, III |
|---|---|
| February 7, 2019 | Thomas E. Rogers, III |
| Florence, South Carolina | United States Magistrate Judge |